



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

**STUART E. JACOBS**
*Assistant Corporation Counsel*
Tel: (212) 788-0899
Fax: (212) 788-9776

January 14, 2008

**BY FAX (212) 805-6737**
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**SO ORDERED**

*/s/ George B. Daniels*

HON. GEORGE B. DANIELS

JAN 1 5 2008

Re: Hutson v. City of New York et al., 07 CV 9356 (GBD)

Dear District Judge Daniels:

      I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York assigned to the above-referenced case. I write to respectfully request that the time to respond to the complaint be briefly extended from the current due date of today, January 14, 2008, until 30 days after a fully executed §160.50 release is received from plaintiff. Defendant City also respectfully requests that the Court set a date certain by which plaintiff must produce the outstanding §160.50 release on pain of dismissal, and adjourn the initial conference currently scheduled for February 7, 2008. This is defendant City's second request for an extension of time to respond to the complaint. I have left numerous phone messages with plaintiff's attorney, Michael Colihan, Esq., however, upon information and belief, Mr. Colihan has been on trial, and I have been unable to speak with him.

      By way of background, the complaint alleges, *inter alia*, that plaintiff, Samba Hutson, was falsely arrested and falsely imprisoned. It is our understanding that the records of the underlying criminal action, including police records, have been sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, a §160.50 release is necessary for the defendant City to access the information, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. Since the scope of a §160.50 release is broadly interpreted by the NYPD, if *any* paperwork was prepared by the police department with respect to aforementioned plaintiff, e.g. arrest paperwork that was later voided, or complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the defendant City would not have access to it to prepare its defense in this matter. Simply put, without this release, the defendant City cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or

records from the district attorney's file pertaining to plaintiff's underlying arrest and prosecution that is the basis of this lawsuit.

Accordingly, on November 19, 2007, this office forwarded to plaintiff for execution a consent and authorization for the release of sealed records so that the defendant City could access the information, properly assess the case, and respond to the complaint. Once again, on December 28, 2007, defendant City forwarded a second request to plaintiff for execution a consent and authorization for the release of sealed records. However, to date, plaintiff has not sent our office an executed release.

At this juncture, we estimate that approximately thirty (30) days from receipt of the §160.50 release is needed to obtain the Criminal Court and police documents that will allow the defendant City to access the information necessary to respond to the complaint.

In light of the above, the defendants respectfully request that (1) the Court set a date certain by which plaintiff must provide the City with a fully executed §160.50 release on pain of dismissal (2) defendant City's time to answer or otherwise respond to the complaint be extended to thirty (30) days after a fully executed §160.50 release is received by plaintiff, and (3) that the initial conference currently scheduled for February 7, 2008 be adjourned to a later date.

Thank you in advance for your consideration herein.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FAX (718) 488-7788
Michael Colihan, Esq.
44 Court Street, Room 911
Brooklyn, New York 11201
(718) 488-7788