UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SUMBA HUTSON,

                                                Plaintiff,

                -against-

THE CITY OF NEW YORK & POLICE OFFICER JOHN DOE,

                                                Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

CV 07-9356 (GBD)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation in the State of New York.

5. Denies knowledge or information sufficient to form a belief as truth of the allegations set forth in paragraph "5" of the complaint, as the allegations relate to an unidentified Police Officer.

6. Denies the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff was arrested on July 17, 2005.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as set forth therein.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff purports to seek damages as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

12. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

13. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

14. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

15. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff provoked any incident.

### AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part because plaintiff has failed to comply with G.M.L. §§ 50 (e), (h) and (i).

### AS FOR A EIGHTH AFFIRMATIVE DEFENSE

19. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS FOR A NINTH AFFIRMATIVE DEFENSE

20. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS FOR A TENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 27, 2008

                                     MICHAEL A. CARDOZO
                                     Corporation Counsel of the
                                        City of New York
                                     Attorney for Defendant City of New York
                                     100 Church Street
                                     New York, New York 10007
                                     (212) 788-0899

By: _____
             Stuart E. Jacobs (SJ 8379)
             Assistant Corporation Counsel
             Special Federal Litigation Division

To:   **Via ECF and First Class Mail**
        Michael Colihan, Esq.
        44 Court Street
        Suite 911
        Brooklyn, New York 11201

Docket No. CV 07-9356 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUMBA HUTSON,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK & POLICE OFFICER JOHN DOE,

                                  Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 2008*

*............................................................ Esq.*

*Attorney for ...................................................*